UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALICIA ROSE and LARRY DUNNING, | CASE NO. 2:20-cv-00716-BJR |
| Plaintiffs, | ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| v. | |
| BOSTON SCIENTIFIC CORPORATION, | |
| Defendant. | |

## I.   INTRODUCTION

Before the Court is Defendant Boston Scientific Corporation's Motion for Summary Judgment. Dkt. No. 41. Having reviewed the motion, the opposition thereto, the record of the case, and the relevant legal authorities, the Court will grant in part and deny in part the motion. The reasoning for the Court's decision follows.

## II.   BACKGROUND

At issue in this case is the transvaginal mesh device, manufactured by Defendant, which Plaintiff Alicia Rose had surgically implanted and now alleges is defective. The device, Defendant's Obtryx Transobturator Mid-Urethral Sling System ("Obtryx Device"), was implanted

1

to treat Ms. Rose's stress urinary incontinence. Dkt. No. 41 at 2; Dkt. No. 41-1 at 6 (Plaintiff Fact Sheet). She received the surgery in December of 2007 at Skagit Valley Hospital in Mt. Vernon, Washington. Dkt. No. 41-1 at 6; Dkt. No. 6 at 4 (Amended Short form Complaint). She now asserts that the Obtryx Device is defective and has caused permanent injury, such as urinary incontinence, dyspareunia, bowel obstructions, and chronic pelvic pain. *See* Dkt. No. 41-1 at 7–8.

Ms. Rose and her husband, Plaintiff Larry Dunning, reside in Washington State. Dkt. No. 6 at 5; Dkt. No. 41-1 at 3. Accordingly, this matter was transferred to this Court after a Multidistrict Litigation Court in the Southern District of West Virginia handled preliminary matters. Dkt. No. 51. Plaintiff's Amended Short Form Complaint lists nine causes of action, including (I) Negligence; (II) Strict Liability–Design Defect; (III) Strict Liability–Manufacturing Defect; (IV) Strict Liability–Failure to Warn; (V) Breach of Express Warranty; (VI) Breach of Implied Warranty; (VII) Loss of Consortium; (VIII) Discovery Rule, Tolling and Fraudulent Concealment; and (IX) Punitive Damages. Dkt. No. 6 at 4–5.

### III.   LEGAL STANDARD

Federal Rule of Civil Procedure 56 provides that district courts "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "An issue of material fact is genuine" where there is "sufficient evidence for a reasonable jury to return a verdict for the non-moving party," *Karasek v. Regents of Univ. of California*, 956 F.3d 1093, 1104 (9th Cir. 2020) (quoting *Tauscher v. Phoenix Bd. of Realtors, Inc.*, 931 F.3d 959, 962 (9th Cir. 2019)), and a fact is "material," where it "might affect the outcome of the case," *Espinoza v. City of Seattle*, No. 17-

cv-1709, 2020 WL 2098037, at *10 (W.D. Wash. May 1, 2020) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

The movant bears the initial burden of demonstrating that it is entitled to summary judgment. *Espinoza*, 2020 WL 2098037, at *11 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). If the movant meets this burden, the nonmovant must present specific evidence based on which a factfinder could reasonably find in the nonmovant's favor to avoid summary judgment. *Id.* (citing *Celotex*, 477 U.S. at 324).

## IV.   DISCUSSION

### A.  Preliminary Matters

Defendant does not move for summary judgment on Plaintiff's Claims I (Negligence), IV (Strict Liability–Failure to Warn), VII (Loss of Consortium), VIII (Discovery Rule, Tolling and Fraudulent Concealment), or IX (Punitive Damages). *See generally* Dkt. No. 41; *see also* Dkt. No. 45 at 1–2. Plaintiff, in turn, does not contest summary judgment as to Claims III (Strict Liability–Manufacturing Defect), V (Breach of Express Warranty), and VI (Breach of Implied Warranty) and the Court will grant summary judgment as to these claims. Dkt. No. 45 at 2. Thus, the only disputed cause of action addressed in the Motion for Summary Judgment is Claim II (Strict Liability–Design Defect).

### B.  Count II Strict Liability–Design Defect

Restatement (Second) of Torts Section 402A, and comment *k* therein, has been incorporated into Washington law as part of the Washington's Product Liability Act ("WPLA") Wash. Rev. Code § 7.72. *Taylor v. Intuitive Surgical, Inc.*, 389 P.3d 517, 526 (Wash. 2017) (en banc).

Defendant argues that Plaintiffs' Claim II should be dismissed because comment *k*, "affords a blanket exemption for design defects in medical devices or products" based on their status as unavoidably unsafe products. Dkt. No. 41 at 5. Plaintiffs disagree and argue that comment *k* only insulates unavoidably unsafe products from liability after the manufacturer meets the prerequisite of providing a proper warning, which Plaintiffs claim Defendant did not provide. Dkt. No. 45 at 3–7.[1]

Restatement Section 402A provides for strict liability for anyone who "sells any product in a defective condition unreasonably dangerous." Restatement (Second) of Torts § 402A (Am. Law Inst. 1965). Comment *k*, in turn, provides an exception to the rule of strict liability in the case of "unavoidably unsafe products," or products that "in the present state of human knowledge, are quite incapable of being made safe for their intended and ordinary use." *Id.* at cmt. *k*;[2] *see also*

---

[1] Defendant has not responded to this argument, as it did not provide a reply in support of its Motion for Summary Judgment.

[2] In full, comment *k* reads

> *Unavoidably unsafe products.* There are some products which, in the present state of human knowledge, are quite incapable of being made safe for their intended and ordinary use. These are especially common in the field of drugs. An outstanding example is the vaccine for the Pasteur treatment of rabies, which not uncommonly leads to very serious and damaging consequences when it is injected. Since the disease itself invariably leads to a dreadful death, both the marketing and the use of the vaccine are fully justified, notwithstanding the unavoidable high degree of risk which they involve. Such a product, properly prepared, and accompanied by proper directions and warning, is not defective, nor is it unreasonably dangerous. The same is true of many other drugs, vaccines, and the like, many of which for this very reason cannot legally be sold except to physicians, or under the prescription of a physician. It is also true in particular of many new or experimental drugs as to which, because of lack of time and opportunity for sufficient medical experience, there can be no assurance of safety, or perhaps even of purity of ingredients, but such experience as there is justifies the marketing and use of the drug notwithstanding a medically recognizable risk. The seller of such products, again with the qualification that they are properly prepared and marketed, and proper warning is given, where the situation calls for it, is not to be held to strict liability for unfortunate consequences attending their use, merely because he has undertaken to supply the public with an apparently useful and desirable product, attended with a known but apparently reasonable risk.

Restatement (Second) of Torts § 402A cmt. *k* (Am. Law Inst. 1965).

*Taylor*, 389 P.3d at 527 (Wash. 2017) ("where a product is inherently dangerous by nature but is still desirable because of its public benefit, it is an 'unavoidably unsafe product' under comment *k*").

As the Supreme Court of Washington made clear in *Taylor*, however, comment *k* includes the prerequisite that the product be "properly prepared, and accompanied by proper directions and warning." *Id.* at 526–28 (quoting Restatement (Second) of Torts § 402A cmt. *k* (Am. Law Inst. 1965)); *see also Sherman v. Pfizer, Inc.*, 440 P.3d 1016, 1021 (Wash. Ct. App. 2019). As that Court stated

> comment k specifies that the exception is not available to a manufacturer who fails to adequately warn. Comment k states that "[t]he seller of such products, again *with the qualification that they are properly prepared and marketed, and proper warning is given*, where the situation calls for it, is not to be held to strict liability." [Restatement (Second) of Torts § 402A (1965) comment *k*] (emphasis added). Thus, by its express terms, proper preparation, marketing, and warnings are prerequisites to a manufacturer being able to qualify for this exception to strict liability.

*Taylor*, 389 P.3d at 527 (emphasis in original).

Since the Plaintiffs challenge the adequacy of the Obtryx Device's warnings, a dispute of fact remains as to this prerequisite. *See id.* (Section 402A strict liability applies "only after the trier of fact determines the prerequisites have been met").

### C. Remaining Tort Claims

Defendant argues that Plaintiffs' remaining tort claims should be incorporated into a single product liability claim under the WPLA. Dkt. No. 41 at 8–9. Plaintiff's do not contest this argument in their response to summary judgment. *See generally* Dkt. No. 45.

Defendant is correct that "the 'WPLA is the exclusive remedy for product liability claims,'" in Washington State. *Taylor*, 389 P.3d at 523 (quoting *Macias v. Saberhagen Holdings,*

5

*Inc.*, 282 P.3d 1069, 1073 (Wash. 2012) (en banc)).  Thus, Plaintiff's remaining tort claims would fall under its ambit.  *See Macias*, 282 P.3d at 1074 (the WPLA "supplants all common law claims or actions based on harm caused by a product").  To the extent, however, that Defendant argues these remaining claims should be incorporated into a "single claim" under the WPLA, the Court disagrees.  Plaintiffs' remaining claims are premised on separate theories of liability.  *See* Dkt. No. 6 at 4 (claiming, for example, both design defect and failure to warn).  Thus, Plaintiff is entitled to advance separate claims for each theory of liability.  *See* Wash. Rev. Code § 7.72.030(1) (providing liability where "the product was not reasonably safe as designed *or* not reasonably safe because adequate warnings or instructions were not provided") (emphasis added).

## V.     CONCLUSION

For the foregoing reasons, the Court denies Defendant's Motion for Summary Judgment except as it pertains to Claims III (Strict Liability–Manufacturing Defect), V (Breach of Express Warranty), and VI (Breach of Implied Warranty).  Summary Judgment is granted as to these three claims.  Dkt. No. 41.

DATED this 15th day of July, 2020.

BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE