1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ALICIA ROSE and LARRY DUNNING,  )
                                )   CASE NO. 2:20-cv-00716-BJR
         Plaintiffs,            )
                                )   ORDER RENOTING DEFENDANT'S
    v.                          )   MOTION FOR RECONSIDERATION
                                )
BOSTON SCIENTIFIC CORPORATION,  )
                                )
         Defendant.             )
                                )

Before the Court is Defendant Boston Scientific Corporation's Motion for Reconsideration, which asks the Court to reexamine its decision denying Defendant's motion to exclude certain opinions and testimony of Plaintiffs' expert witness, Dr. Neeraj Kohli, M.D. *See* Mot. for Recons., Dkt. No. 73.[1]  Having reviewed the Motion, the opposition thereto, the record of the case, and the relevant legal authorities, the Court will reserve judgment on the Motion until it can conduct a hearing on this matter.

Dr. Kohli's credentials make him eminently qualified to opine on the subject matter of this case. *See* Def.'s Mot. to Exclude the Op. and Test. Of Dr. Neeraj Kohli, M.D., Ex. A, Dkt. No.

---

[1] This case involves Plaintiffs' complaint that the transobturator midurethral sling manufactured by Defendant, known as the Obtryx Device, and which was surgically implanted into Ms. Rose, is defective.  The Court provided the facts of the case in greater depth in its recent order on summary judgment.  *See* Order Granting in Part and Deny. in Part Def.'s Mot. for Summ. J., Dkt. No. 71.

1

44-1 at 1–4 ("Expert Report"). The Multidistrict Litigation Court from which this case was transferred found Dr. Kohli qualified to provide his opinions on a great number of topics. *See, e.g.*, *In re Bos. Sci. Corp. Pelvic Repair Sys. Prod. Liab. Litig.*, No. MDL 2326, 2018 WL 2425955 (S.D.W. Va. May 29, 2018); *In re Ethicon Inc. Pelvic Repair Sys. Prod. Liab. Litig.*, No. 2327, 2016 WL 4582233 (S.D.W. Va. Sept. 1, 2016).

Defendant seeks exclusion of Dr. Kohli's opinion that the medical device in question in this case, the Obtryx Device, had a worsening effect on Ms. Rose's symptoms of defecatory dysfunction and hypertonic pelvic floor. Defendant argues that Dr. Kohli does not hold this opinion with the requisite level of medical certainty.

Dr. Kohli's expert report states that he holds all opinions stated therein to a "reasonable degree of medical or scientific certainty." *Expert Report* at 1. The Report states that Dr. Kohli reached his opinions on Ms. Rose's symptoms after reviewing Ms. Rose's medical records, the relevant scientific literature, and based on his own extensive clinical experience and expertise. *Id.* at 4. Dr. Kohli performed a differential diagnosis to "rule-in" the Obtryx Device as a cause for the worsening of Ms. Rose's symptoms. *Id.* at 29–30. Differential diagnosis is an acceptable methodology to produce opinions admissible in federal court and Defendant has not challenged the procedure by which Dr. Kohli conducted his diagnosis. *Messick v. Novartis Pharm. Corp.*, 747 F.3d 1193, 1197 (9th Cir. 2014); *see also id.* at 1199 ("[a] doctor using a differential diagnosis grounded in significant clinical experience and examination of medical records and literature can certainly aid the trier of fact . . ..").

Defendant's entire argument as to exclusion rests on Dr. Kohli's supposed admission during a deposition that he does not hold his opinions with the requisite level of medical certainty

for admission. Defendant relies on the follow excerpt from Dr. Kohli's testimony

> Q. But in your expert opinion do you believe that the Obtryx sling worsened her defecatory –
> A. It can --
> Q. -- symptoms?
> A. It can contribute to it, but whether it's more probable than not that it definitely did is difficult for me to say.
> Q. So are you able to say to a reasonable degree of medical certainty whether or not, but for having the Obtryx sling placed, she would have continued to have her defecatory symptoms?
> A. No, I cannot.
>
> Decl. of Nancy M. Erfle, Ex. B, Dkt. No. 74 (October 22, 2019 testimony of Dr. Kohli), at 38:24–39:13.

This testimony is confusing. Dr. Kohli's statement does not make clear whether he holds his opinions with a "more probable than not" standard. The questioner followed up Dr. Kohli's answer with a question regarding the root cause of Ms. Rose's symptoms and their persistence ("but for having the Obtryx sling placed, she would have continued to have her defecatory symptoms"), which Dr. Kohli answered in the negative, but which did not speak to the issue of exacerbation.

The Court finds that the deposition testimony introduces a modicum of confusion best cleared up by questioning Dr. Kohli at the time of trial. Trial is currently scheduled for January 11, 2021. Order Setting Trial Date and Related Dates, Dkt. No. 70. The Court will begin proceedings by examining Dr. Kohli on this matter. The Court hereby RENOTES Defendant's Motion for Reconsideration for January 11, 2021.

DATED this 2nd day of September, 2020.

_____
BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE

3